EASTERN PAPER BAG CO. v. CONTINENTAL PAPER BAG CO.

(Circuit Court, D. Maine. December 18, 1909.)

No. 639.

PATENTS (§ 328*)—INFRINGEMENT—PAPER BAG MACHINE.

The Liddell patent, No. 558,969, for a paper bag machine, as construed in prior litigation between the parties *held* infringed by a certain type of machine used by defendant, and not infringed by another type.

In Equity. Suit by the Eastern Paper Bag Company against the Continental Paper Bag Company. On final hearing. Decree for complainant.

Betts, Sheffield, Bentley & Betts and Francis T. Chambers, for complainant.

Albert H. Walker, for respondent.

BROWN, District Judge. The bill charges infringement of letters patent No. 558,969, issued April 28, 1896, to complainant, as assignee of William Liddell, for a paper bag machine. In former litigation between these parties on the same patent opinions were given by the Circuit Court for the District of Maine (142 Fed. 479), the Circuit Court of Appeals for the First Circuit (150 Fed. 741, 80 C. C. A. 407), and the Supreme Court (210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122). By each of these courts the patent was held valid and infringed by the defendant.

Subsequently the defendant made mechanical changes in its machines and continued their use. This led to contempt proceedings in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Circuit Court for the District of Maine, whereupon the petition that the defendant be adjudged in contempt was—

"dismissed, with costs for respondent, the judgment on this petition not to prejudice any position which may be taken .by complainant elsewhere or in any other proceedings."

After this dismissal the present bill was filed. The record in the present case is made up in accordance with a stipulation and contains evidence that was before the Circuit Court upon the contempt proceedings. At the final hearing of the present case this stipulation was modified by consent, and the record was enlarged by the introduction in evidence of certified copies of the certificate of incorporation of the Eastern Paper Bag Company, with certain annexed documents.

The case now presented for decision is practically a new case. The previous opinions make it clear that the specific grounds upon which the patent was held to cover a novel inventive conception, and upon which the doctrine of equivalents was applied in respect to the embodiment of this inventive conception in defendant's machine, were quite different from the grounds upon which the complainant now rests its case.

Claims numbered 1, 2, and 7 are in suit, but both sides agree that in this as in former litigation it is necessary to consider only—

"Claim 1. In a paper bag machine the combination of a rotating cylinder provided with one or more pairs of side-folding fingers adapted to be moved toward or from each other, a forming-plate also provided with side-forming fingers adapted to be moved toward or from each other, means for operating said fingers at definite times during the formative action upon the bag-tube, operating means for the forming-plate adapted to cause the said plate to oscillate about its rear edge upon the surface of the cylinder during the rotary movement of said cylinder, the whole operating for the purpose of opening and forming the bottom of the bag-tube, and means to move the bag-tube with the cylinder."

The element of chief importance in the present case is:

"Operating means for the forming-plate adapted to cause the said plate to oscillate about its rear edge upon the surface of the cylinder during the rotary movement of said cylinder."

In the opinion of the Circuit Court of Appeals it was said:

"The patent in suit is concerned with folding the bottoms of S. O. S. paper bags. In the prior art this had been accomplished both by a folding-plate reciprocating upon a plane, and by the operation of fingers upon a cylinder. The folding-plate and the cylinder had never been combined. The complainant urges with much probability that the reason why they had not been combined lay in the difficulty of operating a pivoted folding-form upon the surface of a cylinder. Two circles external to each (other) can be in contact at but one point, while, in order that the folding-plate may operate, its end, as it moves upon a pivot, must remain for some distance in contact with the surface of the revolving cylinder. The problem may be solved by causing the pivot or axis of the folding-plate to yield away from the cylinder, or by causing the surface of the cylinder to be depressed away from the folding-plate. The patent in suit adopts the first device, the defendant's machine the second; and the crucial question before the court is ·this: Under all the circumstances of the case, is the second method, as compared with the first, within the doctrine of equivalents?"

The court observes:

"We have been unable to find any operative combination of a rotary cylinder and a forming-plate oscillating thereon earlier than the patent in suit."

In the Paper Bag Patent Case, 210 U. S. 405, 420, 421, 28 Sup. Ct. 748, 752, 52 L. Ed. 1122, the argument was largely devoted to questions remote from those before us. The language of the Circuit Court is referred to as follows:

"The Circuit Court said that the 'pith' of the invention 'is the combination of the rotary cylinder with means for operating the forming plate in connection therewith, limited, however, to means which cause the plate to oscillate about its rear edge on the surface thereof,' and distinguished the invention from the prior art, as follows: 'Aside from the cylinder and the forming plate oscillating about its rear edge everything in these claims (the claims of the patent) is necessarily old in the arts.' It was this peculiar feature of novelty, it was said, which clearly distinguished it from all that went before it. This conclusion was in effect confirmed by the Circuit Court of Appeals."

The opinion of the Supreme Court also observes:

"But abstractions need not engage us. The claim is not for a function, but for mechanical means to bring into working relation the folding plate and the cylinder. This relation is the very essence of the invention, and marks the advance upon the prior art."

We have to inquire, then, what was the working relation of the plate and cylinder in the Liddell machine, and what the mechanical means for bringing into working relation the folding plate and cylinder. The complainant's brief states:

"The effect of the motions given to the plate by Liddell was to cause it to operate with respect to the cylinder and during the opening of the blank, exactly as did the similar plate of the earlier Lorenz & Honiss machine on its reciprocating folding bed. That is to say, to so turn the plate that its forming fingers engaging the upper ply of the blank rotated backward around the line on the bed which substantially coincides with the cross fold line of the blank.

"There was absolutely nothing new in Liddell's machine with respect to the action of the plate and folding bed on the blank. The one new thing was the devising of means for making possible this old action where the bed was a part of a cylinder and the forming plate an independently supported device, not, as in the earlier machine, a device supported on and sharing the movements of the bed."

As the movement of the forming plate while performing the operation of folding the blank was old, it seems quite clear that the mere fact that in the defendant's machine there is this old movement is not a sufficient ground for holding the defendant to be an infringer. In other words, the movement of the forming plate whereby the bag blank is folded is not new, and is not the Liddell invention. Neither is the use by the defendant of a cylinder in conjunction with a forming plate having the old movements a sufficient ground for declaring the defendant an infringer, irrespective of the other elements with which they are combined.

In the larger number of machines now used by the defendant there is what may be termed a forming plate with the old movement in folding the bag blank; but this plate moves in a path so remote from the path of the cylinder that the plate neither rests upon the cylinder nor requires, in order to avoid collision, a to and fro movement of the axis that supports the plate, or a depression of the surface of the cylinder.

By the complete separation of the paths of movement of plate and cylinder there disappears entirely the need for mechanical means operating for the purpose of preventing a collision between the plate and cylinder during the working stroke of the plate.

It is quite apparent that the mechanical problems involved in a combination wherein the plate and cylinder continue in actual contact during the working stroke of the folding plate are entirely different from those that arise when the plate and cylinder are given separate paths.

In the former litigation the defendant was held an infringer, for the reason that its mechanical means for depressing the cylinder to avoid collision with the plate were the equivalent of Liddell's operating means for the plate whereby its to and fro movement in relation to the cylinder avoided collision.

In the greater number of its machines the defendant does not now use that which was held to be the equivalent of Liddell's—

"operating means for the folding plate adapted to cause the said plate to oscillate about its rear edge upon the surface of the cylinder."

Conceding that the receding movement of the cylinder section still continues, it is not used in the greater part of defendant's machines as a means for getting the cylinder out of the path of the plate, and no longer performs that function wherein it infringed.

If the means for depressing the surface of the cylinder have now no effect upon the forming plate or upon its movements, it seems to follow that in the defendant's combination there is entirely lacking the element of—

"operating means for the forming plate adapted to cause the said plate to oscillate about its rear edge upon the surface of the cylinder."

The direct operating means for defendant's forming plate is a fixed axis, which has a variable rotary movement timed according to the movements of the cylinder. Its movements are so timed that the folding plate co-operates with the cylinder in folding the blank, but does not travel upon the surface of the cylinder.

In the affidavit of William A. Lorenz, quoted in complainant's brief, it is stated concerning the Liddell machine:

"The relative to and fro motion of the axis supporting the plate with reference to the surface of the folding bed on the cylinder serves also the function of preventing a collision between the plate and the cylinder during the working stroke of the plate; but this is an incidental rather than a primary function of the peculiar motion given to the plate with reference to the folding bed, because the primary and essential function of this motion is, of course, to enable the parts which act directly upon the blank and effect the operating of opening the end of the blank into a diamond fold to accomplish this work," etc.

The complainant's brief seems to adopt this view, so that in the present case we have the contention that what was regarded by the Circuit Court of Appeals as the solution of the problem of combining a folding plate and a cylinder is to be treated as merely incidental. But it is quite clear that the defendant by the course of the former litigation was justified in the opinion that it was held liable as an infringer because of its adoption of this "incidental feature," and that by the omission of this feature it would avoid infringement. The dis-

missal of the petition that the defendant be adjudged in contempt indicates that the Circuit Court was not convinced that the changes in defendant's machine were merely formal.

The complainant now contends that that change in defendant's machine which consists in cutting off the edge of the forming plate so that this edge—i. e., the rear edge—no longer contacts with the face of the cylinder, is merely a formal change, and a mere expedient for evading the Liddell patent by rendering the phrase "operating means for the forming plate adapted to cause the forming plate to oscillate upon its rear edge upon the surface of the cylinder" an inapt descriptive expression. It is quite apparent, however, that the cutting off of the plate gives rise to a question that is not merely verbal, but substantial.

While it is true that the claims contain no express limitation as to the form of the plate they nevertheless do contain an express limitation as to the operating means for the forming plate, in the phrase "adapted to cause said plate to oscillate upon its rear edge upon the cylinder during the rotary movement of the cylinder." This phrase is not applicable to the fixed axis which operates the defendant's plate, and in the previous decisions was not applied to that alone.

In order to find operating means for the forming plate within this description, it was necessary to find in the operating means whereby the surface of the cylinder was depressed the equivalent of the means whereby the plate was given a to and fro motion with relation to the cylinder.

It was true in the former litigation, and is true in this, that without the use of operating means for depressing the surface of the cylinder there can be found in defendant's machine no operating means for the forming plate that answers the description in the claims, according to the substantial meaning given to these descriptive terms in the former litigation. Furthermore, though the words in question appear in the claims as a specific limitation of the kind of operating means for the forming plate, they are also descriptive of that feature of mechanical novelty which was found by the Circuit Court to constitute the pith of Liddell's invention.

From the entire specification, the claims, and from previous opinions of three courts, it is manifest that to preserve contact between cylinder and plate during the working stroke was a fundamental conception, and that the pith of the Liddell invention was the mechanical means of accomplishing it. The fact that Liddell solved the problem of keeping a forming plate and cylinder in contact during the working stroke is, of course, no reason for giving him a monopoly of the use of the old folding plate movement in connection with a cylinder, when the two are never in contact and move in distinct paths, and when his means of keeping them together is not used.

Assuming that in the Liddell machine there is shown the first use of a cylinder together with a folding plate, there is no claim in the patent for a combination of this breadth, and yet the complainant's argument, by regarding the question of working contact between plate and cylinder and means for avoiding collision as merely incidental, has practically reached the contention that because the defendant's ma-

chine contains a plate with the old folding movement, and a cylinder, and because the movements of the plate are properly timed in relation to the movements of the cylinder, there is infringement. The opinions of both the Circuit Court and the Supreme Court contain express language which forbids this breadth of construction of the Liddell claims.

To find infringement by the defendant as to those machines wherein the paths of plate and cylinder are so remote that neither need give way to avoid collision with the other, we must not only disregard express language of the claims, but also disregard entirely what hitherto has been considered the pith of Liddell's invention. The words "on the surface of the cylinder" must be entirely rejected. If we disregard what is signified by these words, and hold that this particular feature is nonessential, we must disregard also important features in the operation of Liddell's machine:

First, a part of the work done by the forming plate on the bag blank, and thus described in the specification:

"The former plate, E, has its rear edge made sharp, as at W, so that when it presses downward upon the bag tube it forms a transverse crease about which the paper bends," etc.

Second, the compound result of the two movements given the plate, so that it—

"receives a rotating movement on its carrier axis, c, and also a to and fro motion with reference to the cylinder or folding bed; the compound result of these two movements being the travel upon the surface of the cylinder and the turning back or oscillation on its rear edge."

The defendant's plate has a continuous rotary movement, which is retarded and accelerated. The plate during the folding operation has a movement similar to the backward movement of the complainant's plate during the folding operation. The folding is accomplished by a similar movement in each case.

We may accept the complainant's contention that the expression "oscillate on its rear edge" has reference simply to the movement during the working stroke and has no reference to the return of the plate to a position for the following working stroke, or to the motion of the plate on its supporting axis during this return.

Assuming that both Liddell and the defendant have the movement of the folding plate that was in the prior art, assuming even that Liddell was first to so time the old plate movement that the plate would cooperate with a cylinder, and that the defendant has also so timed the movements of its plate that it will co-operate with a cylinder, this, in my opinion, is insufficient to sustain the bill. It is quite outside the claims of the Liddell patent. The mechanical combination of Liddell with its plate and cylinder in contact is substantially different from the defendant's mechanical combination with distinct and separate paths for the plate and cylinder.

The complainant's brief contains the statement that the cutting off of the edge of the plate is the only real change in defendant's machine that affects the question of infringement, that the other parts remain as before, and that the operating mechanism moves all these parts

in the same way so that they coact as before. In making this statement the complainant does not distinguish between the larger number of defendant's machines wherein the plate is so short that it does not come within the path of the cylinder, and the smaller number of machines where the plate, though cut off, and not in actual contact with the cylinder, still sweeps through the path of the cylinder, so that the surface of the cylinder must be to some degree depressed to prevent collision.

I am of the opinion that the question of infringement is substantially different, according to whether the depression of a section of the cylinder is or is not used to avoid collision with the plate. The use of this feature was held by the Circuit Court to be the equivalent of Liddell's operating means. The mere omission of the crease-forming function of the edge of the plate would, in my opinion, be insufficient to avoid infringement, provided the defendant still used the depression of the surface of the cylinder to avoid collision between plate and cylinder. While the cutting off of the edge of the plate might render the terms "upon the surface of the cylinder" inapt, yet the defendant would still be within a fair interpretation of the Liddell claims if the edge of the plate were so close to the cylinder as to require a depression of a part of the surface of the cylinder in order that the plate might perform its working stroke. Nevertheless the complainant's brief states that there is practically no issue on the subject of the exact distance of the rear edge of the plate from the cross fold line of the blank. I doubt if I should pursue this minor question of infringement further than to say that upon the testimony that in 31 of the modified Strasburg machines it would be impossible to move the forming plates past the cylinder except for the recession of the folding bed or carriage, I am of the opinion that as to these machines the former opinion of the Circuit Court of Appeals is directly applicable, despite the omission of the creasing function of the forming plate, and despite the fact that the plate, though passing within the circular path of the cylinder, does not come in contact therewith.

The defendant, besides noninfringement, raises four other defenses, as follows:

First. The alleged complainant does not exist.

Second. The bill of complaint was executed and filed without any authority derived from any owner of the Liddell patent.

Third. The alleged complainant, even if its existence is to be presumed, is not proved to be the owner of the Liddell patent.

Fourth. The bill of complaint is multifarious.

I have examined each of these defenses, and find that they are each and all insufficient to defeat the bill, and that the questions arising thereon are not so important or doubtful as to require detailed discussion.

As to the general grounds upon which the complainant seeks to hold the defendant as an infringer, regardless of differences between its machines in respect to the means of avoiding collision between plate and cylinder, I am of the opinion that the merits of the case are with the defendant; and, were this the entire case, the bill should be dismissed. As the evidence shows, however, that 31 of the defendant's

machines contain a feature which the previous decisions have found to be the equivalent of Liddell's operating means, I am of the opinion that as to these 31 machines the complainant is entitled to a decree in its favor.

A draft decree may be presented accordingly.